## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| PETER KOSTYSHYN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 11-051-SLR |
| | ) |
| KEN FINK, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this 15th day of September, 2011, having screened the case

pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the complaint is dismissed for failure to state a claim upon

which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A and plaintiff is

given leave to amend, for the reasons that follow:

1. **Background**. Plaintiff Peter Kostyshyn ("plaintiff"), an inmate at the Howard

R. Young Correctional Institution ("HRYCI"), Wilmington, Delaware, who proceeds pro

se and has been granted in forma pauperis status, filed this complaint alleging

violations of his constitutional rights pursuant to 42 U.S.C. § 1983. He seeks injunctive

relief.  (D.I. 2)

2. **Standard of review**. The court must dismiss, at the earliest practicable time,

certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state

a claim, or seek monetary relief from a defendant who is immune from such relief.  *See*

28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which

prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner

actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to

amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[1]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.*

-3-

6. **Discussion**. The complaint alleges either an inadequate grievance process or denial of access to the courts, retaliation, excessive force, and failure to investigate. (D.I. 2) Plaintiff seeks compensatory damages and injunctive relief and requests counsel.

7. **Deficiently pled**. The complaint does not meet the pleading requirements of *Iqbal* and *Twombly*. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980)); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir. 1978)). The sparse and conclusory allegations do not support an entitlement to a claim for relief of constitutional violations. More specifically, it is not clear from the pleadings when the alleged violations occurred, where they occurred, or the involvement (if any) of each defendant in the alleged violation. Finally, it appears that some individuals are named as defendants based upon their supervisory positions. It is well established that a § 1983 claim cannot be premised upon a theory of respondeat superior and that, in order to establish liability for deprivation of a constitutional right, a party must show personal involvement by each defendant. *Brito v. United States Dep't of Justice*, 392 F. App'x 11, 14 (3d Cir. 2010) (not published) (citing *Iqbal*, 129 S.Ct. at 1948-49*)*; *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).

8. **Conclusion**. For the above reasons, the complaint is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). However, since it appears plausible that plaintiff may be able to

-4-

articulate a claim against a defendant or multiple defendants, he will be given an

opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444

(3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do

not appear "patently meritless and beyond all hope of redemption"). Plaintiff is given

leave to file an amended complaint. If an amended complaint is not filed within thirty

(30) days, the case will be closed.

9. Future papers presented for filing shall be typewritten or written in blue or

black ink using only one side of the paper. In addition, plaintiff shall refer to defendants

by name and not a number.

UNITED STATES DISTRICT JUDGE